UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

LINCOLN GENERAL INSURANCE COMPANY, a Pennsylvania corporation,

        Plaintiff,

   v.

TRI COUNTIES BANK, a California corporation, inclusive,

        Defendant.
_____/

NO. CIV. S-10-1442 FCD/EFB

MEMORANDUM AND ORDER

----oo0oo----

    Plaintiff Lincoln General Insurance Company ("plaintiff" or "Lincoln") acted as surety for third party Sanderson Company Inc. ("Sanderson") for construction of a subdivision.  Defendant Tri Counties Bank ("defendant" or "TCB") allegedly entered into an agreement with plaintiff to set aside funds to back a bond plaintiff issued on behalf of Sanderson.  Plaintiff brings the instant suit against TCB, alleging defendant wrongfully refused to disburse the funds it agreed to set aside for plaintiff. Plaintiff brings claims against defendant for breach of contract,

1

1  conversion, and declaratory relief.  Pending before the court is
2  defendant's motion to dismiss plaintiff's complaint pursuant to
3  Federal Rule of Civil Procedure 12(b)(6).  Plaintiff opposes the
4  motion.[1]

5  For the reasons set forth below, defendant's motion is
6  DENIED.

### BACKGROUND

Sanderson is an Oregon corporation that planned to develop and construct a subdivision called The Vineyard at Anderson in Anderson, California (the "Project").  (Compl., filed June 10, 2010, ¶ 8.)  In order to fund that development, Sanderson secured a revolving line of credit in the amount of $6,000,000 from defendant with a total estimated construction cost of $7,912,500. (Id. at ¶ 8, Ex. A.)

Before proceeding with the Project, Sanderson was required by law to obtain a bond guaranteeing the construction of all public subdivision improvements.  See Cal. Gov't. Code § 66462. On or about May 17, 2006, Lincoln issued Performance Bond No. 661117506 (the "Bond") to guarantee the construction of public improvements involved in the Project.  (Compl., ¶ 12, Ex. B.) The City of Anderson was the Bond obligee.  (Id. at ¶ 13.)

Before it issued the Bond, on or before April 17, 2006, Lincoln received a Set Aside Agreement from defendant.  (Id. at ¶ 10.)  The Agreement stated, in relevant part:

> In consideration of the executing by [Lincoln] bond(s) in the amount of $444,287.00 on behalf of [Sanderson],

---

[1] Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. E.D. Cal. L.R. 230(g).

2

1       we agree upon recordation to set aside from the
      construction funds a sum in the amount of your bond(s)
2       to be used in paying for those off site improvements in
      this tract guaranteed to the Obligee under the terms
3       of the subdivision bond(s).

4 (Id. at Ex. B.)  The Set Aside Agreement also called for

5 defendant to create an acount to contain the funds set aside

6 pursuant to the agreement ("Set Aside Funds") and mandated a

7 method of disbursing the funds.  (Id.)  The Agreement provided:

8 "[i]n the event [Sanderson] fail(s) to complete and pay for said

9 off site improvements, all funds remaining in said impound

10 account shall be immediately available for [Lincoln] to complete

11 and pay for the cost of said improvements."  (Id.)  The Agreement

12 stated further that it constituted "an irrevocable commitment of

13 funds" and that "said funds are for the benefit of the Surety

14 Company in connection with the Surety's liability under the above

15 bonds."  (Id.)

16      Ultimately, Sanderson failed to complete the improvements

17 guaranteed by the Bond, and the City of Anderson made demand on

18 Lincoln's Bond.  (Id. at ¶ 14.)  In response to the demand on the

19 Bond, Lincoln requested all remaining Set Aside Funds, but

20 defendant has refused to provide the funds.  (Id. at ¶¶ 16-18.)

21 The City of Anderson eventually filed suit against Lincoln to

22 enforce the Bond, and Lincoln recently incurred liability in

23 settling that suit.  (Id. at ¶ 19.)  Therefore, Lincoln alleges

24 it has been damaged as a result of defendant's failure to provide

25 any of the Set Aside Funds guaranteed by the Agreement.  (Id. at

26 ¶ 20.)

27 ///

28 ///

**STANDARD**

Under Federal Rule of Civil Procedure 8(a), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Under notice pleading in federal court, the complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests." Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations omitted). "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002).

On a motion to dismiss, the factual allegations of the complaint must be accepted as true. Cruz v. Beto, 405 U.S. 319, 322 (1972). The court is bound to give plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. Retail Clerks Int'l Ass'n v. Schermerhorn, 373 U.S. 746, 753 n.6 (1963). A plaintiff need not allege "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to relief." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949.

Nevertheless, the court "need not assume the truth of legal conclusions cast in the form of factual allegations." United States ex rel. Chunie v. Ringrose, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual

4

allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." Iqbal, 129 S. Ct. at 1949. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555; Iqbal, 129 S. Ct. at 1950 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983).

Ultimately, the court may not dismiss a complaint in which the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." Iqbal, 129 S. Ct. at 1949 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 570 (2007)). Only where a plaintiff has failed to "nudge [his or her] claims across the line from conceivable to plausible," is the complaint properly dismissed. Id. at 1952. While the plausibility requirement is not akin to a probability requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully." Id. at 1949. This plausibility inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950.

In ruling upon a motion to dismiss, the court may consider only the complaint, any exhibits thereto, and matters which may be judicially noticed pursuant to Federal Rule of Evidence 201.

5

See Mir v. Little Co. Of Mary Hospital, 844 F.2d 646, 649 (9th Cir. 1988); Isuzu Motors Ltd. V. Consumers Union of United States, Inc., 12 F. Supp. 2d 1035, 1042 (C.D. Cal. 1998).

## ANALYSIS

### A.  Breach of Contract

Defendant moves to dismiss plaintiff's breach of contract claim, asserting that it fails, as a matter of law, because there is no valid contract between the parties.  More specifically, defendant contends that it is fatal to plaintiff's claim that the Set Aside Agreement, while signed by TCB, was not signed by either plaintiff or Sanderson.  As reflected in Exhibit B attached to plaintiff's complaint, the Set Aside Agreement provided a signature line for the "Principal," which the parties agree is Sanderson, stating above the signature line "WE ACKNOWLEDGE, ACCEPT AND AGREE TO COMPLY WITH THE FOREGOING CONDITION."  The Agreement also provided a signature line for plaintiff, stating above the line: "Acknowledged and Accepted: [Lincoln]."  Plaintiff does not dispute that the contract was not signed by it or Sanderson.  Instead, plaintiff emphasizes that said signatures were not necessary to create a binding contract between the parties, as alleged in the complaint and as provided by California law.

California Civil Code § 1550 provides that a contract exists when there are "(1) [p]arties capable of contracting; (2) [the parties give] [t]heir consent; (2) [there is a] lawful object; and (4) [s]ufficient cause or consideration."  Here, the allegations of the complaint establish that the Set Aside Agreement is a contract entered into between consenting

6

1 corporations for a lawful purpose and supported by consideration
2 as described in the Set Aside Agreement.  Contrary to defendant's
3 protestations, the Agreement did not lack the required
4 manifestation of assent because it was not signed by Lincoln and
5 Sanderson.  The Agreement did not indicate that assent to the
6 contract could only come by signing the contract.  Indeed, it is
7 well-settled California law, that manifestations of assent may
8 come in multiple forms and need not take the form of a signature.
9 Rather, contract formation merely requires a manifestation of
10 assent by an act or omission through which a party intends to
11 show consent.  Cal. Civ. Code § 1581; Binder v. Aetna Life Insur.
12 Co., 75 Cal. App. 4th 832, 850 (1999) (holding that consent to a
13 contract may be manifested by conduct).

14 Here, plaintiff's issuance of the Bond was its manifestation
15 of consent to the terms of the Set Aside Agreement, sufficient to
16 allege a binding contract with defendant.  See e.g. Devencenzi v.
17 Donkonics, 170 Cal. App. 2d 513, 518 (1959) (recognizing that the
18 existence of a signature line on a proposed contract did not
19 require the party to actually sign the contract to manifest its
20 assent since the "signing of the letter was [not] a 'condition'
21 or only 'mode of acceptance" permitted by the statute [Cal. Civ.
22 Code § 1582]"); Anchor Casualty Co. v. Surety Bond Savings and
23 Loan Ass'n, 204 Cal. App. 2d 175, 182 (1962) (holding that proof
24 of the validity of the set aside agreement there was found in the
25 existence of the surety bond).[2]  Similarly, in this case, on its

---

[2] The cases cited by defendant, Santa Clara-San Benito Chapter of the Nat'l Elec. Contractors' Ass'n, Inc. v. Local Union No. 332 of the Int'l B'hood of Elec. Workers, 40 Cal. App. 3d 431 (1974) and Helperin v. Guzzardi, 108 Cal. App. 2d 125

7

face, the Set Aside Agreement does not forth an exclusive method through which the parties may communicate their assent. Plaintiff has alleged facts demonstrating its consent to the contract, and the court must assume the truth of those allegations for purposes of this motion. Fed. R. Civ. P. 12(b)(6).

Likewise, it is not fatal to plaintiff's breach of contract claim that Sanderson did not sign the contract. Again, under the facts alleged in the complaint, nothing expressly required Sanderson's signature, and to the extent Sanderson's consent was required (which plaintiff disputes), plaintiff has alleged Sanderson's assent to the contract, via its purchase of the Bond from Lincoln, knowing Lincoln required the Set Aside Agreement. Accordingly, defendant's motion to dismiss on this ground must be DENIED.

Defendant alternatively argues that plaintiff cannot establish a breach of contract claim because the contract is invalid since there was no recordation of the Bond. Plaintiff disputes that such recordation was required, arguing under California law, it is not mandated. Instead, plaintiff asserts the contract required only recordation of the Deed of Trust, which did occur. The parties' arguments raise a factual dispute that cannot be resolved on a Rule 12(b)(6) motion to dismiss. For purposes of the instant motion, as set forth above, plaintiff has alleged sufficient facts to establish a binding contract with

---

(1951), are inapposite. There, the issue was *authority* to contract--whether the contracting parties were *authorized* to enter the subject contracts. Here, the issue is whether the parties consented/accepted the contract.

defendant, which plaintiff further alleges defendant breached in failing to disburse the Set Aside Funds. Such allegations are sufficient to state a breach of contract claim, and thus, defendant's motion is properly DENIED with respect to this claim for relief.

### B.   Conversion

Defendant moves to dismiss plaintiff's conversion claim, arguing similar to the above, that because there is no contract between defendant and plaintiff, plaintiff's conversion claim likewise fails as a matter of law. Conversion is the wrongful exercise of control over the property of another. To state a claim for conversion, a plaintiff must allege: (1) its ownership or right to possess the subject property; (2) the defendant's conversion by a wrongful act or disposition of the property; and (3) damages. Spates v. Dameron Hospital Ass'n, 114 Cal. App. 4th 208, 221 (2003). Defendant contends that plaintiff has no cognizable property right because the Set Aside Agreement is not a valid contract. However, as set forth above, the court finds that plaintiff has adequately alleged a breach of contract claim against defendant, and for the same reasons as described above, plaintiff likewise alleges ownership and the right to possess the Set Aside Funds.

As defendant concedes, plaintiff has also otherwise adequately stated the additional elements of a conversion claim. While a generalized claim for money is not actionable as conversion, if however, there is a specific, identifiable sum involved, such as where an agent accepts a sum of money to be paid to another and fails to make the payment, a cause of action

for conversion exists. <u>Gulf Insur. Co. v. First Bank</u>, 2008 WL 2383927, *2 (E.D. Cal. June 4, 2008). This court has repeatedly held that funds identified in a set aside agreement may constitute such a specific and identifiable sum. <u>Harford Fire Insur. Co. v. Westamerica Bank</u>, No. 09-2451 JAM/DAD, Order Denying Defendant's Motion to Dismiss, filed Jan. 25, 2010 (denying a set aside lender's motion to dismiss a surety's conversion claim on the grounds that the "funds identified in the set aside letter may constitute a specific and identifiable sum" sufficient to serve as the basis for a claim of conversion); <u>Gulf Insur. Co. v. First Bank</u>, No. 08-209 LKK/JFM, Order, filed June 4, 2008 (denying the set aside lender's motion to dismiss a surety's conversion claim on the ground that the set aside funds described by plaintiff as the "undisbursed balance of loan funds" may serve as the basis for a claim of conversion); <u>accord Travelers Casualty and Surety Co. Of Amer. V. RBC Centura Bank</u>, 2008 WL 1925017, *2 (E.D. Cal. April 29, 2008).

Even where the ownership interest in the property is conditioned on default, once the condition has been met, this is sufficient possessory interest to support a cause of action for conversion. <u>Gulf Insur. Co.</u>, 2008 WL 2383927 at *3. Here, plaintiff's entitlement to the Set Aside Funds that were allegedly converted was contingent on Sanderson's default. Plaintiff has alleged that condition was met, thus triggering entitlement to funds that were wrongfully converted by defendant, causing plaintiff damages. Plaintiff has sufficiently alleged an interest in the Set Aside Funds to survive the motion to dismiss. Accordingly, defendant's motion to dismiss the claim of

10

conversion is DENIED.

### C. Declaratory Relief

Defendant moves to dismiss this claim, arguing it is redundant of plaintiff's breach of contract claim. Plaintiff concedes that point. However, plaintiff is correct that it may plead inconsistent theories of recovery in its complaint. Fed. R. Civ. P. 8(a)(3). If plaintiff does not prevail on its breach of contract claim, establishing a valid contract between it and defendant, it may still seek a declaration of rights, establishing its entitlement to the Set Aside Funds based on a non-contractual theory (i.e., promissory estoppel or fraud). Accordingly, the court likewise DENIES defendant's motion to dismiss this claim.

### CONCLUSION

For the foregoing reasons, defendant's motion to dismiss plaintiff's complaint is DENIED in its entirety.

IT IS SO ORDERED.

DATED: August 5, 2010

FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE